IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE HOMEBINGO NETWORK, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 05-0701-WS-B |
| | ) |
| CADILLAC JACK, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on non-party Alan Frank's Amended Motion to Intervene as Plaintiff (doc. 122). Defendant Cadillac Jack, Inc. ("Cadillac Jack") has filed a memorandum (doc. 125) in opposition to the Motion. The applicable briefing schedule having expired, the Motion is ripe for disposition.

**I.  Background.**

On November 1, 2006, Frank, proceeding *pro se*, filed a Motion to Intervene (doc. 120) in this patent infringement action. As grounds for this Motion, Frank alleged that plaintiff, The HomeBingo Network, Inc. ("HomeBingo"), had transferred to him all of its patent infringement rights and interests against the named defendants in this action on October 27, 2006, rendering Frank the real party in interest. The Motion reflects that Frank founded HomeBingo in 1997 and that he has served as its General Manager continuously since that time. (Motion, ¶ 3.)

Upon review of the Motion, the undersigned entered an Order (doc. 121) on November 2, 2006 directing Frank to file a copy of the purported October 27 agreement and also to provide an affidavit or declaration that (1) set forth the legitimate business reasons for the transaction giving rise to Frank's newfound personal interest in this litigation, (2) explained the timing of that transaction, and (3) recited the consideration exchanged in said transaction. In response, Frank filed an Amended Motion (doc. 122) including the October 27 agreement, but otherwise failed to comply with the November 2 Order.

**II.    Analysis.**

The Motion to Intervene is due to be denied for three reasons, none of which Frank has attempted to rebut, despite being given a fair and reasonable opportunity to do so.

*A.    The Motion is Untimely.*

First, this action proceeded for nearly a year before Frank sought to intervene.  Under the applicable Rule 16(b) Scheduling Order (doc. 61) entered by Magistrate Judge Bivins, "[a]ny motion for leave to amend the pleadings or to join other parties must be filed on or before **June 16, 2006**."  (*Id.*, ¶ 6.)  Yet Frank tarried for four and a half months after that deadline before seeking to intervene.  Despite being expressly directed to do so by the November 2 Order, Frank has proffered no explanation for the timing of his Motion or the underlying assignment.[1]  Nor is there any apparent reason why the assignment could not have happened far earlier than October 27, 2006, had HomeBingo wished to hand the reins to Frank.

Because the Motion to Intervene was filed more than four months after the deadline for amending pleadings or joining parties had expired, and because the Motion in effect seeks to amend the Complaint to name Frank as an additional party plaintiff, the Court must scrutinize the Motion under Rule 16(b), which forbids modification of a scheduling order absent a showing of "good cause."  The Rule 16 hurdle must be surmounted antecedent to any Rule 15 analysis.  *See Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("because Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a)"); *Alexander v. AOL Time Warner, Inc.*, 2005 WL 1182950, *1 (11th Cir. May 19, 2005) (when granting leave to amend a complaint "would require modifying a Rule 16 scheduling order, the movant must first show good cause").[2]  The deadlines set forth in Rule 16(b) scheduling orders

---

[1] Frank has not argued that he was unaware of the applicable Rule 16(b) deadline.  Any such argument would be doomed to failure, in any event.  As HomeBingo's General Manager, Frank was heavily involved in all aspects of this litigation since its inception, so it would defy common sense for him to maintain that he lacked knowledge of the deadline.

[2] *See also Morrison v. Exxonmobil Corp.*, 2006 WL 42142, *3 (M.D. Ga. Jan. 6, 2006) ("When a motion to amend is filed after a scheduling order deadline, as is the case here, Rule 16 is the proper guide for determining whether a party's delay may be excused.");

are firm settings that must be taken seriously by both the Court and the litigants.  To allow parties to circumvent long-expired deadlines merely by invoking the liberal leave to amend policy espoused by Rule 15(a) would be to "render scheduling orders meaningless and effectively ... read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."  *Sosa*, 133 F.3d at 1419.  The Court will not trivialize the Scheduling Order in such a manner.

Interpreting the Rule 16(b) "good cause" standard, the Eleventh Circuit has explained that it "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension."  *Sosa*, 133 F.3d at 1418; *see also Argo Systems FZE v. Liberty Ins. PTE, Ltd.*, 2005 WL 1355060, *5-6 (S.D. Ala. June 7, 2005) (similar); *Williams v. Baldwin County Comm'n*, 203 F.R.D. 512, 516-17 (S.D. Ala. 2001) (denying extension where plaintiff's counsel was inattentive to scheduling order).  Simply put, the touchstone of the Rule 16(b) inquiry is whether HomeBingo and Frank exercised diligence in attempting to comply with the Scheduling Order deadlines for amending pleadings and adding parties.  *See, e.g., Nobles v. Rural Community Ins. Services*, 303 F. Supp.2d 1279, 1284 (M.D. Ala. 2004) ("The court's focus in evaluating a motion to amend under Rule 16 is on [the movant]'s diligence; that is, the court may grant the late-filed motion if the pretrial schedule could not reasonably have been met despite [the movant]'s diligence.").  If the movant was not diligent, then "the court's inquiry should end."  *Id.*; *see also Lord v. Fairway Elec. Corp.*, 223 F. Supp.2d 1270, 1277 (M.D. Fla. 2002) ("A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry ....").

In this case, Frank has proffered no evidence that he was reasonably diligent in seeking to amend the pleadings to add him as an additional party plaintiff, even though the Court specifically directed him to explain the timing of the underlying transaction and also specifically

---

*Richardson v. Georgia Pacific Corp.*, 2005 WL 1278833, *1 (S.D. Ala. May 26, 2005) ("A motion for leave to amend filed after the deadline for amending pleadings set forth in the scheduling order is governed by the stricter standard for amendment set forth in Rule 16(b) rather than the liberal amendment standard set out in Federal Rule of Civil Procedure 15(a)."); *Nobles v. Rural Community Ins. Services*, 303 F. Supp.2d 1279, 1283 (M.D. Ala. 2004) ("It is only after the court addresses whether the proposed amendment may be granted under Rule 16 that the court is to determine whether it is proper under Rule 15.").

identified the issue of non-compliance with the Scheduling Order, and even though Cadillac Jack expressly challenged the timeliness of the request in its opposition brief. This Court will not make Frank's arguments for him, and he has failed to make the necessary showing to justify post-hoc modification of the Rule 16(b) Scheduling Order in this manner.

For all of these reasons, the undersigned finds that Frank has failed to meet his burden of showing that the Motion to Intervene was filed in a timely manner. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1308 (11th Cir. 2004) (explaining that putative intervenor must demonstrate that application for intervention is timely); *Meek v. Metropolitan Dade County, Fla.*, 985 F.2d 1471, 1478 (11th Cir. 1993) (explaining that timeliness analysis concerns not only chronology leading up to motion, but also all attendant circumstances).

### B.    *Intervention to Circumvent the Counsel Requirement is Improper.*

Second, the timing of the October 27 assignment strongly suggests that it was performed to evade the legal requirement that HomeBingo be represented by counsel in this action. On October 2, 2006, Magistrate Judge Bivins entered an Order (doc. 112) granting permission to Robert Malove, HomeBingo's counsel of record, to withdraw because an unspecified conflict of interest had emerged. That Order granted HomeBingo a 30-day period (through and including November 2, 2006) to secure counsel, and specifically placed HomeBingo on notice of the well-settled rule that corporations cannot appear in federal court *pro se*.[3] Frank's Motion to Intervene was filed one day before the deadline for HomeBingo's counsel to file a notice of appearance. To date, no substitute attorney has appeared on HomeBingo's behalf. Indeed, in a filing dated November 27, 2006, Frank acknowledged that HomeBingo "has not been able to engage the services of legal counsel to represent it in this case, even though this Honorable Court has granted plaintiff substantial time in which to engage counsel." (Doc. 127, ¶ 3.)

The obvious inference raised by this sequence of events is that HomeBingo assigned its patent infringement rights to Frank in order to circumvent the requirement that HomeBingo be represented in this action by counsel. Cadillac Jack has expressly so argued, and Frank has made

---

[3] *See, e.g., Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985); *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602, 609 (11th Cir. 1984).

no contention otherwise, despite being instructed by this Court to explain the timing of the assignment. There is substantial authority from other jurisdictions that a corporate officer or shareholder may not make an end-run around the corporate representation requirement via a motion to intervene. *See Motionless Keyboard Co. v. Microsoft Corp.*, 2006 WL 1666699, *1 (Fed. Cir. June 8, 2006) ("To allow ... the controlling shareholder of MKC to intervene rather than hire replacement counsel for the corporation would eviscerate section 1654."); *Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 569 (2nd Cir. 2000) (finding that district court abused discretion in allowing intervention by president and sole officer/director of company, where intervention was effectively an effort to enable company to appear without counsel); *United States v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (refusing to allow sole shareholder with interests identical to corporation to intervene, rather than hiring corporate counsel, where plaintiff sought to accomplish indirectly through Rule 24 that which he could not do directly, namely, *pro se* representation of the company). Frank has made no effort to distinguish these lines of authority from the circumstances presented here, nor has he suggested that the assignment and Motion to Intervene are anything other than a backdoor effort to enable HomeBingo to proceed *pro se*. This shortcoming constitutes a second, independent ground for denial of intervention.[4]

   **C.**   ***The Geographic Territory of the Assignment Excludes this Action.***

   Third and finally, a careful reading of the Assignment demonstrates that Frank lacks a cognizable interest relating to the property or transaction which is the subject of this litigation. The Assignment provides that HomeBingo is conveying to Frank "the exclusive right to recover and retain damages in his own name for all past and future acts of infringement" committed in the State of Georgia <u>and nowhere else</u>. (Assignment, ¶¶ 2, 3.) But the First Amended Complaint (doc. 81) on which this lawsuit is predicated says nothing about acts of infringement in the State

---

   [4]   Besides, one of the elements for intervention is that the putative intervenor's interests must be represented inadequately by existing parties. *See Stone*, 371 F.3d at 1308-09. By all appearances, Frank's interests are fully aligned with those of HomeBingo and he has made no showing to the contrary, providing yet another reason why intervention would be improper here. *See Meek*, 985 F.2d at 1477 ("When applicants for intervention seek to achieve the same objectives as an existing party in the case, that party is presumed to represent the applicants' interests adequately.").

of Georgia.  To the contrary, the Complaint charges Cadillac Jack and other defendants with "supplying and maintaining bingo-based slot machines for operation in casinos in Atmore, Alabama," and with "aiding and abetting others to use and operate, certain bingo-based slot machines at ... casinos in Atmore, Alabama."  (Amended Complaint, ¶¶ 7, 8.)  Although the geographic dimensions are less precise elsewhere in the pleading, nothing in the Amended Complaint suggests that this action relates to acts of alleged patent infringement in Georgia, and the Court's understanding is that this lawsuit is centered on acts of infringement in Alabama. The Assignment does not confer upon Frank any right to recover or retain damages for acts of infringement in Alabama.  In the face of this argument by Cadillac Jack, Frank has again opted to remain silent and has failed to explain how the Assignment transfers any rights to him that are being litigated in this lawsuit.[5]  On that basis, intervention is improper because Frank has failed to demonstrate that he has an interest relating to the property or transaction which is the subject of the litigation.  *See Stone*, 371 F.3d at 1308 (reciting interest in subject property or transaction as a prerequisite for intervention under Rule 24(a)(2)).

### III. Conclusion.

For the foregoing reasons, *pro se* intervenor Alan Frank's Motion to Intervene (doc. 120) and Amended Motion to Intervene as Plaintiff (doc. 122) are **denied**.  The undersigned will defer to Magistrate Judge Bivins, at least in the first instance, to address the consequences of HomeBingo's failure to comply with her directive that it identify substitute counsel on or before November 2, 2006.

DONE and ORDERED this 29th day of November, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[5] At most, the Assignment provides that HomeBingo "sells, transfers and assigns to Assignee the right to intervene" in this lawsuit.  (Assignment, ¶ 4.)  But HomeBingo lacked the power to grant Frank the right to intervene in this case. Such authority is vested in the Court, not in the plaintiff.  Besides, the right to intervene purportedly conferred by the Assignment is a procedural right, rather than a substantive right and interest in the subject patent to collect damages for the acts of patent infringement identified in this lawsuit.  Paragraph 4 is manifestly inadequate, in and of itself, to confer upon Frank a viable interest in the subject matter of this litigation.